UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRANT NOTT,<br><br>　　　　Defendant. | No. 2:17-cr-00205 WBS<br><br><br>ORDER |

----oo0oo----

　　　　Defendant has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  (Docket No. 55.)

　　　　The court recognizes that defendant is overweight, has mental health issues, and is housed at FCI Terminal Island, which has had numerous inmates test positive for the coronavirus, including defendant.[2]  Nevertheless, defendant is only 32 years

---

[1] The court previously denied a similar pro se motion by defendant based on failure to exhaust (Docket Nos. 52, 54), though defendant represents, and the government agrees, that he has now exhausted his administrative remedies.

[2] Defendant contends that his PTSD, anxiety, and

1

1 old, and it appears that the Bureau of Prisons has been able to
2 sufficiently treat his medical and mental health conditions,
3 including his diagnosis of COVID-19.³  Overall, defendant has not
4 shown that his obesity and mental health, along with the COVID-19
5 pandemic, qualify as extraordinary and compelling reasons for
6 release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.
7 See, e.g., United States v. Williams, No. 2:13-cr-383 TLN, 2020
8 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement
9 at FCI Lompoc and diagnosis of hypertension along with other
10 medical history and prevalence of COVID-19, was insufficient to
11 show extraordinary circumstances under 18 U.S.C. §
12 3582(c)(1)(A)).

13          The court also recognizes defendant's desire to care
14 for his elderly grandparents.  Lower courts are split on whether
15 the need to care for elderly parents is an extraordinary and
16 compelling circumstance allowing for compassionate release.  See,
17 e.g., United States v. Ledezma-Rodriguez, No. 3:00-CR-00071, 2020
18 WL 3971517, at *7 (S.D. Iowa July 14, 2020) (noting disagreement
19 among courts and finding that the need to care for a parent could
20 be sufficient in some circumstances); United States v. Bucci, 409

---

depression increase his risk from COVID-19.  While a few district courts have noted evidence that these conditions can lead to an increased risk of infections, see, e.g., Doe v. Barr, No. 20-cv-2141-LB, 2020 WL 1820667, *4 (N.D. Cal. Apr. 12, 2020), there does not appear to be a consensus as to these risk factors as there is with many medical conditions such as obesity.  The court assumes, without deciding, that defendant's mental health issues place him at a higher risk of complications from COVID-19.

³     The court also notes that the outbreak of COVID-19 at FCI Terminal Island appears to have largely subsided, as discussed by the government in its brief.

F. Supp. 3d 1, 2 (D. Mass. 2019) (holding that courts could consider factors not enumerated by the Sentencing Commission and that being a sole caregiver for a parent was an extraordinary and compelling reason warranting release).  But see United States v. Goldberg, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (need to care for 93-year old mother in hospice was not an extraordinary and compelling reason for compassionate release as "many, if not all inmates, have aging and sick parents").

The court is persuaded by the district court's determination in Goldberg, 2020 WL 1853298, at *4.  There, the court explained that the Sentencing Commission's policy statement specifically allows for sentencing reductions based on the need to care for the defendant's minor children, spouse, or registered partner.  Conspicuously absent from this list is the need to care for other individuals such as elderly parents, despite the frequency with which adults act as caregivers for elderly relatives.

Even assuming the court may consider factors not included in the Sentencing Commission's policy statements, including the desire to take care of elderly grandparents, see, e.g., United States v. Brooker, 976 F.3d 228, 236-38 (2d Cir. 2020), the court does not find that defendant's situation merits compassionate release.  Defendant has served only about 20 months

of his 52-month sentence, which was already significantly below the original 70-87 months Guidelines range for possession with intent to distribute a controlled substance analogue.  Defendant also has a lengthy history of substance abuse, including while on pretrial release, and was arrested for theft while on pretrial release.  (See PSR (Docket No. 45).)

To be eligible for compassionate release, defendant must demonstrate that he is "not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2); United States v. Richardson, No. 2:16-cr-69 TLN, 2020 WL 5203430, at *2 (E.D. Cal. Sept. 1, 2020).  Given defendant's offense and history, releasing him to the very residence where he carried out his opioid manufacturing operation (only three years earlier) poses a significant risk to the safety of the community.  (See Plea Agreement Ex. A. (Docket No. 43).) Accordingly, the motion will be denied.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 268), be, and the same hereby is, DENIED.

Dated:  November 19, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE